Dear Mr. Wolpin:
On behalf of the Mayor and City Commission of the City of Aventura, you have asked for my opinion on several questions involving the Mark Wandall Traffic Safety Act which authorizes municipalities to enforce red light violations with the use of traffic cameras. Your questions are substantially as follows:
Pursuant to Chapter 2010-80, Laws of Florida, is the City of Aventura authorized to:
1. Issue a uniform traffic citation immediately where a registered owner has failed to pay the statutory penalty or submit an affidavit within 30 days of notification of the violation or does the city have a total of 60 days from the date of the violation in which to issue a traffic citation?
2. Issue a traffic citation immediately to the person identified in an affidavit where a registered owner has submitted an affidavit identifying another person as having had care, custody or control of the motor vehicle at the time of the violation or must the city first issue a notification of a violation to the person identified on the owner's affidavit?
In sum:
1. While the city is not precluded from issuing a uniform traffic citation immediately pursuant to Chapter 2010-80, Laws of Florida, a city has a maximum of sixty days from the date of a violation in which to issue a traffic citation pursuant to the act.
2. Chapter 2010-80, Laws of Florida, provides that a traffic citation may be issued by the city upon receipt of an affidavit from the owner of a motor vehicle involved in an infraction when the affidavit establishes that the motor vehicle was, at the time of the violation, in the care, custody, or control of another person and contains no requirement that the city provide notification prior to issuing such a citation.
Chapter 2010-80, Laws of Florida, was enacted during the 2010 legislative session and became effective on July 1, 2010.[1]
The act is entitled the "Mark Wandall Traffic Safety Act."[2] The act provides regulations for and authorizes local governments to install cameras for enforcing the provisions of Chapter 316, Florida Statutes.[3] The Legislature has specifically provided that "[r]egulation of the use of cameras for enforcing the provisions of this chapter is expressly preempted to the state."[4] Thus, the authority of local governments such as the City of Aventura to legislate in this area is limited.[5]
Question One
Section 316.008(7), Florida Statutes, provides the powers to be exercised by local authorities under the act:
"(a) A county or municipality may use traffic infraction detectors to enforce s. 316.074(1) or s. 316.075(1)(c)1. when a driver fails to stop at a traffic signal on streets and highways under their jurisdiction under s. 316.0083. Only a municipality may install or authorize the installation of any such detectors within the incorporated area of the municipality. Only a county may install or authorize the installation of any such detectors within the unincorporated area of the county.
(b) Pursuant to paragraph (a), a municipality may install or, by contract or interlocal agreement, authorize the installation of any such detectors only within the incorporated area of the municipality, and a county may install or, by contract or interlocal agreement, authorize the installation of any such detectors only within the unincorporated area of the county. A county may authorize installation of any such detectors by interlocal agreement on roads under its jurisdiction."
A framework for enforcement of the act is provided. Section 316.0083(1)(b), Florida Statutes, provides that within thirty days after the violation the city must send notification to the registered owner of the motor vehicle involved in the violation. This notice must advise the violator of the remedies available and that the violator must pay a $158.00 penalty to the municipality or furnish an affidavit within thirty days following the date of notification in order to avoid court fees, costs, and issuance of a traffic citation. The notice must also advise the registered owner that he or she has a right to review the evidence of the violation.[6] Notification shall be sent by first-class mail. The statute also makes provision for notification of a violation in situations where the vehicle involved in the violation is owned jointly.[7]
In the event that payment is not made within thirty days after notification of the violation, a traffic citation shall be issued.[8] Section 316.0083(1)(c)1.d., Florida Statutes, requires that "[t]he traffic citation shall be mailed to the registered owner of the motor vehicle involved in the violation no later than 60 days after the date of the violation." Delivery of the traffic citation by mail constitutes issuance of the citation.[9] Again, the statute makes provision for issuance of a traffic citation in the case of joint ownership of a motor vehicle, that is, the statute allows for mailing the traffic citation "to the first name appearing on the registration. . . ."[10]
To summarize, as required by the statute, the city must mail notification within 30 days after a violation. The notice must advise the violator that he or she must pay the penalty of $158.00 within 30 days following the date of notification in order to avoid court fees, costs, and the issuance of a traffic citation. Finally, a traffic citation issued under the act must be mailed to the registered owner of the motor vehicle involved in the violation no later than 60 days after the date of the violation. Thus the statute prescribes a 60 day window in which the city must act.
Therefore, it is my opinion that pursuant to Chapter 2010-80, Laws of Florida, a city has a maximum of sixty days from the date of a violation in which it may issue a traffic citation pursuant to the act. This period reflects the maximum of thirty days between the violation and the notification sent to the registered owner of the motor vehicle and the subsequent thirty day period provided to the vehicle's registered owner within which to pay the penalty in order to avoid court fees, costs, and the issuance of a traffic citation.
Question Two
Your second question involves a situation in which the registered owner of the motor vehicle involved in the violation submits an affidavit identifying another person as having had care, custody or control of the motor vehicle at the time of the violation. Your question relates to the procedure for issuing a traffic citation to the person identified in the affidavit as in control of the motor vehicle at the time of the violation.
Section 316.0083(1)(d)1., Florida Statutes, provides that:
"The owner of the motor vehicle involved in the violation is responsible and liable for paying the uniform traffic citation issued for a violation of s. 316.074(1) or s. 316.075(1)(c)1. when the driver failed to stop at a traffic signal, unless the owner can establish that:
a. The motor vehicle passed through the intersection in order to yield right-of-way to an emergency vehicle or as part of a funeral procession;
b. The motor vehicle passed through the intersection at the direction of a law enforcement officer;
c. The motor vehicle was, at the time of the violation, in the care, custody, or control of another person; or
d. A uniform traffic citation was issued by a law enforcement officer to the driver of the motor vehicle for the alleged violation of s. 316.074(1) or s. 316.075(1)(c)1."
In order to establish these facts, the owner of the vehicle shall furnish to the city an affidavit setting forth detailed information supporting his or her assertion.[11] The statute provides that
"upon receipt of an affidavit, the person designated as having care, custody, and control of the motor vehicle at the time of the violation may be issued a traffic citation for violation of s. 316.074(1) or s. 316.075(1)(c)1, when the driver failed to stop at a traffic signal."[12]
Thus, the statute recognizes that a traffic citation may be issued "upon receipt of an affidavit" submitted to the city pursuant to 316.0083(d)1., Florida Statutes. The statute imposes no requirement that notification of a violation be issued to the person identified in the owner's affidavit prior to issuing the citation and this office cannot read such a substantive provision into the statute in the absence of any legislative direction to that effect.[13]
In sum, it is my opinion that Chapter 2010-80, Laws of Florida, provides that a traffic citation may be issued by the city upon receipt of an affidavit from the owner of a motor vehicle involved in an infraction when the affidavit establishes that the motor vehicle was, at the time of the violation, in the care, custody, or control of another person and contains no requirement that the city provide notification prior to issuing such a citation.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See s. 18, Ch. 2010-80, Laws of Fla.
[2] Section 1, ch. 2010-80, Laws of Fla.
[3] Section 3, ch. 2010-80, Laws of Fla.
[4] Id.
[5] See, e.g., Ops. Att'y Gen. Fla. 10-32 (2010) and 10-28 (2010) (discussing preemption and municipal authority to legislate on matters preempted to the state).
[6] See s. 316.0083(b)1.b., Fla. Stat.
[7] Section 316.0083(1)(c)1.c., Fla. Stat.
[8] Section 316.0083(1)(c)1.a., Fla. Stat.
[9] Id.
[10] Section 316.0083(1)(c)1.c., Fla. Stat.
[11] Section 316.0083(1)(d)2., Fla. Stat. Andsee s. 316.0083(1)(d)4., making submission of a false affidavit a second degree misdemeanor.
[12] Section 316.0083(1)(d)3., Fla. Stat.
[13] Cf. Chaffee v. Miami Transfer Company, Inc.,288 So. 2d 209 (Fla. 1974) and Ops. Att'y Gen. Fla. 06-26 (2006), 87-43 (1987), 86-32 (1986), 82-20 (1982), and 81-10 (1981) (Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute).